# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:01CR48

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| RONALD AJANI RUDISILL ) | |

**THIS MATTER** is before the Court on the Defendant's motion for the early termination of his supervised release. The Government has filed response and opposes the relief sought.

According to Defendant's motion, his period of supervised release began on or about July 11, 2006, when he was released from the Federal Correctional Institution at Butner, North Carolina. **Defendant's Motion to Terminate Post Release Supervision, filed August 11, 2008, at 1.** The Defendant states that since his release, he has had no positive drug screenings, he meets every three months with his probation officer, and that he has maintained steady employment. *Id*. He further notes he is now employed as a "para professional who assists mental health patients

in securing community support services" at the Sixth Avenue Psychiatric Rehabilitation Partners in Hendersonville, North Carolina, and has been so employed since June 2008. *Id*. He argues that even though he has been employed at Sixth Avenue for only two months, he was employed at another facility for more than a year before the facility went out of business and its employees were discharged. *Id*. **at 2.** Therefore, his entire employment history should be viewed as a "sign of stability" along with the fact that he has complied with all the terms of his supervised release and has not violated any state or federal laws. *Id*.

Even though the Government does not dispute that the Defendant has made a good adjustment from prison, it argues that Defendant should remain on supervision until he has been employed with Sixth Avenue for at least six months. **Government's Response to Defendant's Motion to Terminate Supervision, filed August 19, 2008, ¶ 3.** The Government further states that if the Defendant remains employed with Sixth Avenue until at least December 2008, and he does not otherwise violate the terms of his supervised release, then the Government with the concurrence of Defendant's Probation Officer, will recommend termination of the supervised release period.

3

From a review of both the Defendant's motion and the Government's response, the Court finds that the Government's position is well taken and will deny the Defendant's motion without prejudice to renew after December 2, 2008, if Defendant remains employed with Sixth Avenue and has had no violations of his supervised release.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to terminate his supervised release is hereby **DENIED** without prejudice.

Signed: September 4, 2008

Lacy H. Thornburg
United States District Judge